UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| D. W., by next friend and mother, CLARISSA BROWN, | ) ) ) |
| Plaintiff, | ) ) ) No.: |
| vs. | ) ) |
| BAY WATER LLC, | ) ) |
| Defendant. | ) ) |

## **COMPLAINT**

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendant and alleges the following:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1367.

2. Defendant is a Tennessee limited liability company with its principal address at 2668 Churchill Downs Circle, Chattanooga, Tennessee, 37421. Its registered agent for service of process is Sameer Jaiswall, 2668 Churchill Downs Circle, Chattanooga, Tennessee, 37421.

3. Defendant owns and operates a restaurant called DosBros Fresh Mexican Grill, which is located at 2396 Lifestyle Way, Suite 114, Chattanooga, Tennessee, 37421.

4. Plaintiff D. W. is a minor who is 16 years old.

5. Clarissa Brown is Plaintiff D. W.'s natural mother, and she has parental custody of Plaintiff.

6. Plaintiff was employed by Defendant as a dishwasher at its Chattanooga restaurant from approximately July of 2023 until December 29, 2023.

7. Defendant agreed to pay Plaintiff a specific hourly rate for his work.

8. Defendant failed to pay Plaintiff any compensation whatsoever for his last two weeks of employment with Defendant.

9. Accordingly, Plaintiff worked regular hours, or "straight time," for which Defendant failed to compensate Plaintiff.

10. Plaintiff made repeated requests of Defendant to pay him for his last two weeks of work, but Defendant refused to pay Plaintiff.

11. Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

12. Plaintiff was an "employee" of each Defendant as defined by Section 203(e)(1) of the FLSA.

13. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendant has annual gross volume of sales which exceed $500,000.00.

14. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

**Count 1—Violation of Fair Labor Standards Act—Minimum Wage Violation**

15. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-14 above.

16. Pursuant to Section 206(a)(1)(C) of the FLSA, Defendant was required to pay Plaintiff a minimum wage of at least $7.25 an hour for the hours he worked each workweek.

17. Defendant's failure to pay Plaintiff any compensation for the work he performed during his last two workweeks is a violation of Section 206(a)(1)(C) of the FLSA.

18. Pursuant to Section 216(b) of the FLSA, Defendant is liable to Plaintiff for back pay in the amount of the minimum wages he is owed.

19. In addition to the amount of unpaid minimum wages owing to Plaintiff, he is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

20. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

### Count 2—Breach of Contract Under Tennessee State Law

21. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-20 above.

22. Defendant's agreement to pay Plaintiff a specific hourly rate for his work while he was employed by Defendant is an enforceable contract under Tennessee law.

23. By failing to pay Plaintiff any compensation for some of his work hours, Defendant breached its contract with Plaintiff.

24. As a result of Defendant's breach of contract, Plaintiff sustained and is entitled to recover damages amounting to the compensation he failed to receive for his work hours at his agreed-upon hourly rate.

### Prayer for Relief

WHEREFORE, Plaintiff prays for a judgment for damages against Defendant that include the following:

(a) minimum wage back pay;

(b) liquidated damages in an amount equal to his minimum-wage back pay;

(c) unpaid wages as damages resulting from Defendant's breach of contract;

(d) interest;

(e) reasonable attorney's fees and costs; and

(f) all other general legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr. (TN 13839)
4525 Harding Pike, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

/s/ John McCown
John McCown (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff