UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| D. W., by next friend and mother, ) | |
| CLARISSA BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 1-24-cv-00082-TAV-CHS |
| vs. ) | |
| ) | |
| BAY WATER LLC, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55(b)(2)

Pursuant to Fed. R. Civ. P. 55(b)(2), Plaintiff hereby moves the Court for entry of a default judgment against Defendant Bay Water LLC in the amount of $594.00. Attached hereto and filed in support of this motion is the Declaration of D. W.

On September 26, 2024, the Clerk entered a default against Defendant See, Entry of Default (doc. 12). On April 21, 2025, the Clerk denied Plaintiff's Motion for Entry of Default Judgment by Clerk Pursuant to Rule 55(b)(1) (doc. 14), finding that Plaintiff provided insufficient evidence of a "sum certain" under the Rule. See, Denial of Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b)(1) (doc. 16), pp. 2-3. Plaintiff now files this motion for a default judgment under Fed. R. Civ. P. 55(b)(2).

Plaintiff testified that he was an hourly employee who was paid $9.25 an hour; that Defendant simply failed to pay him any compensation whatsoever for his last two weeks of employment; and that he worked 18 hours during each of his last two weeks of employment, for a total of 36 hours. Decl. of D. W., paras. 2 and 3. As a matter of basic contracts law, these facts

dictate that Plaintiff be awarded back pay in the amount of $333.00 (36 hrs. x $9.25). The Fair Labor Standards Act (FLSA) requires that an hourly employee be paid at least a minimum wage of $7.25 an hour, which equates to $261.00 (36 hrs. x $7.25). See, 29 U.S.C. § 206(a)(1)(C). Pursuant to Section 216(b) of the FLSA, Plaintiff is also entitled to a mandatory award of liquidated damages in the amount of $261.00, unless Defendant can prove that its violation of the FLSA was in good faith. 29 U.S.C. § 216(b).[1]

Based on the foregoing, Plaintiff is entitled to entry of a judgment in the total amount of $594.00, including $333.00 in back pay and $261.00 in liquidated damages. Based on the requirements of the FLSA alone, Plaintiff is entitled to a judgment totaling at least $522.00, which would include minimum wages of $261.00 and liquidated damages in the amount of $261.00.

Contrary to the Clerk's finding, Plaintiff's claim is "for a sum certain or a sum that can be made certain by computation[.]" Fed. R. Civ. P. 55(b)(1). The Clerk erroneously equated Rule 55(b)(1)'s "sum certain" standard with a requirement that a plaintiff produce "documentation" to support his damage calculation. See, Denial of Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b)(1) (doc. 16), p. 1 ("Here, Plaintiff has made an assertion of an amount owed in his affidavit but has provided no other documentation to support the amount claimed."). Neither Rule 55 nor any of the caselaw cited by the Clerk requires that Plaintiff provide any such documentation. It was Defendant, not Plaintiff, who was required to maintain accurate time and pay records. See, 29 U.S.C. § 211(c); 29 C.F.R. § 516.1. At any rate, a hearing is certainly not necessary to determine the amount of Plaintiff's damages. See, Fed. R. Civ. P. 55(b)(2) (court "may" conduct a hearing to perform an accounting and calculate damages).

---

[1] In Plaintiff's Motion for Entry of Default Judgment by Clerk Pursuant to Rule 55(b)(1) (doc. 14), Plaintiff mistakenly sought liquidated damages in the amount of $333.00.

The FLSA is "a broadly remedial and humanitarian statute . . . designed to correct 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" Donovan v. Brandel, 736 F.2d 1114, 1116 (6th Cir. 1984) (quoting Dunlop v. Carriage Carpet Co., 548 F.2d 139, 143 (6th Cir. 1977)). Consistent with that mandate, and for the reasons set forth above, Plaintiff respectfully requests that the Court enter a judgment against Defendant in the amount of $594.00.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr. (TN 13839)
4525 Harding Pike, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

John McCown (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of May, 2025, a true and correct copy of the foregoing was served via U.S. mail, postage prepaid, on Bay Water LLC, Sameer Jaiswal, 2668 Churchill Downs Circle, Chattanooga, Tennessee, 37421.

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr.