UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| D.W., by next of friend and mother CLARISSA BROWN, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No.: 1:24-cv-82-TAV-CHS ) |
| BAY WATER, LLC, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This civil action is before the Court on plaintiff's Motion for Entry of Default Judgment Pursuant to Fed. R. Civ. P. 55(b)(2) [Doc. 18]. For the reasons set forth below, plaintiff's motion [Doc. 18] will be **GRANTED**.

**I.  Background**

The Court takes as true the factual allegations in the complaint. *Bogard v. Nat'l Credit Consultants*, No. 1:12-CV-2509, 2013 WL 2209154, at *3 (N.D. Ohio May 20, 2013). Defendant owns and operates a restaurant called DosBros Fresh Mexican Grill, located in Chattanooga, Tennessee [Doc. 1 ¶ 3]. Plaintiff is a minor, who is 16 years old, and Clarissa Brown is plaintiff's custodial parent [*Id.* ¶¶ 4–5].[1] Plaintiff was employed by defendant as a dishwasher at the restaurant from approximately July 2023 to December 29, 2023 [*Id.* ¶ 6]. Defendant agreed to pay plaintiff a specific hourly rate for his work, but failed to pay plaintiff Any compensation for his last two weeks of employment [*Id.* ¶¶ 7–8].

---

[1] Although he was 16 years old at the time of the complaint, plaintiff is now 17 years old [*See* Doc. 18-1 ¶ 1].

Plaintiff repeatedly asked defendant to pay him for his last two weeks of work, but defendant refused to pay [*Id.* ¶ 10].

Plaintiff filed this action on February 23, 2024, alleging violation of the Fair Labor Standards Act ("FLSA") for failure to pay plaintiff a minimum wage of at least $7.25 an hour for the hours he worked during his final two workweeks [*Id.* ¶¶ 16–17]. Plaintiff seeks back pay and an equal amount of liquidated damages [*Id.* ¶¶ 18–19]. Plaintiff also alleges a claim for breach of contract [*Id.* ¶¶ 21–24].

On March 7, 2024, plaintiff filed the summons returned executed as to defendant [Doc. 7]. On August 5, 2024, plaintiff applied to the Clerk of Court for an entry of default as to defendant because it failed to respond or otherwise defend in this action [Docs. 9, 10], and the Clerk entered default on September 26, 2024 [Doc. 12]. Plaintiff now seeks a default judgment against defendant [Doc. 18].

**II.     Analysis**

Federal Rule of Civil Procedure 55 "contemplates a two-step process for obtaining a default judgment against a defendant who has failed to plead or otherwise defend." *Banner Life Ins. Co. v. Columbia State Bank*, No. 3:19-CV-119, 2020 WL 3977635, at *1 (E.D. Tenn. July 14, 2020). "First, pursuant to Rule 55(a), a plaintiff must request from the Clerk of Court an entry of default, describing the particulars of the defendant's failure to plead or otherwise defend." *Id.* If the clerk enters default, "the plaintiff must then move the Court for entry of default judgment pursuant to Rule 55(b)." *Id.* Pursuant to Rule 55(b), a default can be entered by the Clerk "[i]f the plaintiff's claim is for a sum certain

2

or a sum that can be made certain by computation[.]" Fed. R. Civ. P. 55(b)(1). But "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Proceeding under Rule 55(b)(2), after the Clerk has entered default, the court must take the complaint's factual allegations as true. *Bogard*, 2013 WL 2209154, at *3. However, the Court must determine whether the factual allegations "are sufficient to state a claim for relief as to [the] cause of action for which the plaintiff seeks default judgment." *J & J Sports Prods., Inc. v. Rodriguez*, No. 1:08-CV-1350, 2008 WL 5083149, at *1 (N.D. Ohio Nov. 25, 2008) (citation omitted). Although the Court takes factual allegations regarding liability as true, the plaintiff must prove the amount of damages. *Bogard*, 2013 WL 2209154, at *3.

A. **Sufficiency of the Complaint**

Plaintiff alleges defendant is liable under the FLSA for failure to pay a minimum wage. "Congress passed the FLSA with broad remedial intent." *Keller v. Miri Microsystems, LLC*, 781 F.3d 799, 806 (6th Cir. 2015). "The FLSA requires employers to pay employees engaged in commerce a wage consistent with the minimum wage[.]" *Id.* (internal quotation marks and alterations omitted). Currently, that minimum wage is $7.25 per hour. *Crowell v. M Street Entertainment, LLC*, 670 F. Supp. 3d 563, 581 (M.D. Tenn. 2023) (citing 29 U.S.C. § 206(a)(1)(C)). An employer violates § 206 of the FLSA "when it fails to pay a minimum-wage worker for the full number of hours []he worked in a timely manner." *Athan v. United States Steel*, 364 F. Supp. 3d 748, 753 (E.D. Mich. 2019).

"Under the FLSA, only employees are entitled to . . . minimum-wage compensation." *Keller*, 781 F.3d at 806. The FLSA defines an "employee" as "any individual employed by an employer." *Id.* at 807 (quoting 29 U.S.C. § 203(e)(1)). The Sixth Circuit has interpreted "employees" within the FLSA to mean "those who as a matter of economic reality are dependent upon the business to which they render service." *Id.* (quoting *Brandel*, 736 F.2d at 1116).

Here, plaintiff has alleged that he was employed by defendant as a dishwasher in its Chattanooga restaurant [Doc. 1 ¶ 6]. Plaintiff alleges that defendant was an "employer" within the meaning of § 203(d) of the FLSA, and plaintiff was an "employee" within the meaning of § 203(e)(1) of the FLSA [*Id.* ¶¶ 11–12]. And, plaintiff alleges, defendant failed to pay him any compensation for the hours he worked during his last two weeks of his employment with defendant [*Id.* ¶¶ 8–9, 17]. Consequently, the Court finds that the complaint sufficiently alleges that defendant violated the FLSA by failing to pay him a minimum wage for the final two weeks of his employment.

Plaintiff also raises a state law claim of breach of contract. "In Tennessee, the essential elements of a breach of contract claim are as follows: (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *McClanahan v. State Farm Life Ins. Co.*, 660 F. Supp. 3d 728, 737 (W.D. Tenn. Mar. 9, 2023).

Plaintiff has alleged that defendant agreed to pay him a specific hourly rate for his work [Doc. 1 ¶ 7], and that such agreement was an enforceable contract under Tennessee

4

law [*Id.* ¶ 22]. Plaintiff alleges that defendant thereafter failed to pay him any compensation for the final two weeks of his employment, in breach of that agreement [*Id.* ¶¶ 8–9, 23]. Moreover, plaintiff alleges that he sustained damages through the loss of compensation for hours worked [*Id.* ¶ 24]. The Court finds that the complaint sufficiently alleges that defendant breached a contract with plaintiff by failure to pay him any compensation for hours worked during his final two weeks of employment.

B. **Damages**

Turning to the appropriate remedy, plaintiff seeks back pay/lost wages and liquidated damages.[2] Although the Court must take as true the factual allegations regarding liability in the complaint, plaintiff must prove the appropriate amount of damages. *Bogard*, 2013 WL 2209154, at *3. In determining damages, "[t]he Court may rely on affidavits [and other materials] . . . without the need for a hearing." *Dirs. of the Ohio Conf. of Plasterers & Cement Masons Combined Funds, Inc. v. Akron Insulation & Supply, Inc.*, No. 5:16-CV-1674, 2018 WL 2129613, at *5 (N.D. Ohio May 8, 2018). "Under the FLSA, successful claimants are entitled to 'the payment of wages lost' as a result of the FLSA violations, plus 'an additional equal amount as liquidated damages.'" *Crowell v. M. Street Entertainment, LLC*, 670 F. Supp. 3d 563, 572 (M.D. Tenn. 2023) (quoting 28 U.S.C. § 216(b)).

As to wages lost, plaintiff has filed a declaration stating that he was paid $9.25 an

---

[2] Although the complaint asks for interest and attorney's fees [Doc. 1, pp. 3–4], plaintiff does not appear to request any award of interest or attorney fees in his motion for default judgment [*See* Doc. 18].

hour for his work as a dishwasher at defendant's restaurant [Doc. 18-1 ¶ 2]. During his last two weeks of work, for which he received no compensation, he worked 18 hours each week, for a total of 36 hours [*Id.* ¶ 3]. Based on this, the Court finds that defendant is entitled to an award of lost wages in the amount of $333 ($9.25 x 36 hours).

Turning to liquidated damages, the Court notes that, "[l]iquidated damages [under the FLSA] do not include regular wages; only minimum wages or overtime pay should be doubled." *Garcia v. Jac-Co Constr., Inc.*, No., 2:23-cv-2485, 2024 WL 2303962, at *5 (W.D. Tenn. May 21, 2024). Accordingly, plaintiff's recovery of liquidated damages is limited to the unpaid minimum wage amount. As noted previously, the current minimum wage is $7.25 an hour. *See* 29 U.S.C. § 206(a)(1)(C). Based on this, the Court finds that defendant is entitled to an award of liquidated damages in the amount of $261 ($7.25 x 36 hours).

In total, the Court finds that plaintiff is entitled to damages in the amount of $594.

### III. Conclusion

For the foregoing reasons, the Court finds plaintiff is entitled to a default judgment as to his FLSA and breach of contract claims against defendant. Accordingly, plaintiff's motion [Doc. 18] will be **GRANTED**. The Court will **ORDER** that plaintiff recover from defendant a total sum of $594. The Clerk of Court will be **DIRECTED** to **CLOSE** this case. A separate order will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE